# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| VIVIAN DOUGHTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-4186-CV-W-NKL |
| | ) |
| REGIONAL AIDS INTERFAITH NETWORK, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On April 20, 2005, this Court issued an order granting in part Defendant Regional AIDS Interfaith Network's ("RAIN") Motion to Dismiss and/or for Summary Judgment. (Order, Doc. 26.) The Court dismissed Plaintiff Vivian Doughty's Title VII disability claim and Equal Pay Act claims, but found that more discovery was warranted as to Doughty's remaining Title VII claims.

Specifically, the Court gave Doughty thirty days to conduct discovery as to two issues: (1) whether RAIN had employed fifteen or more persons during the relevant time; and (2) whether RAIN was sufficiently related to the State of Missouri such that RAIN could be considered an "employer" under *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (8th Cir. 1977).

Now that the thirty days has expired, Doughty has filed a supplemental brief arguing that RAIN had more than fifteen employees during the relevant time and that

1

RAIN is sufficiently related to the State to be considered an employer. Having considered the parties' arguments, the Court determines that Doughty's remaining claims must be dismissed.

## I. Discussion

### A. Whether RAIN had More than Fifteen Employees

Doughty claims that she has uncovered evidence revealing that RAIN employed at least fifteen employees during the relevant time. Specifically, Doughty claims that RAIN recruited and trained volunteers to be "Care Team" members. As volunteers, Care Team members received no monetary compensation for their services. However, according to Doughty, RAIN relied on Care Team members to do much of its work.

Even if Doughty is correct that the Care Team volunteers were important to RAIN's mission, the Care Team members are not "employees" for the purposes of Title VII. The law is quite clear that volunteers are not employees. As the Eighth Circuit has held, "[c]ompensation by the putative employer to the putative employee in exchange for his services . . . is an *essential* condition to the existence of an employer-employee relationship." *Graves v. Women's Professional Rodeo Ass'n, Inc.*, 907 F.2d 71, 73 (8th Cir. 1990) (emphasis added).[1]

Doughty argues that Care Team members are compensated, albeit not with wages. In particular, Doughty points out that Care Team members gain valuable experience that

---

[1] Indeed, Doughty repeatedly cites to *O'Connor v. Davis*, 126 F.3d 112 (2nd Cir. 1997), in which the court stated that "[w]here no financial benefit is obtained by the purported employee from the employer, no 'plausible' employment relationship of any sort can be said to exist . . . ." *O'Connor v. Davis*, 126 F.3d 112, 115-16 (2nd Cir. 1997).

2

can benefit them in their future careers. That may be true, but it is also true of many, if not most, volunteer positions. To accept Doughty's argument would create an exception that would swallow the rule; the rule being that volunteers are not employees for the purposes of Title VII. Accordingly, Doughty will not be able to survive dismissal of her claims by relying on RAIN's recruitment of Care Team members.

### B. The Relationship between RAIN and the State

Doughty alleges that the State of Missouri "routinely monitors the operations of RAIN and its CARE Team operations and requires RAIN to provide reports to substantiate that the policies and guidelines mandated by the State are being consistently adhered to." (Doc. 30, p. 2.) However, Doughty's counsel has not provided a single citation to the record or an affidavit in support of that allegation. Rather, counsel's "argument" on the point is merely a restatement of portions of tangentially relevant court opinions. Because Doughty's counsel has not attempted to identify the relevant facts in this case, much less apply the law to those facts, it appears beyond doubt that Doughty could not succeed on the merits of her claim.

### C. Remand to State Court

In its Motion to Dismiss, RAIN argued that since Doughty's federal claims are not actionable, the Court should decline to exercise jurisdiction over Doughty's state claims. In its last Order, the Court found that argument moot because Doughty's federal claims had not yet been dismissed. Now that the Court has found that Doughty's federal claims must be dismissed, the Court revisits RAIN's argument.

3

"A federal district court has the discretionary power to decline jurisdiction where it has 'dismissed all claims over which it has original jurisdiction.'" *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004), *cert. denied*, 125 S. Ct. 43 (2004) (quoting 28 U.S.C. § 1367(c)(3)).  As the Supreme Court has noted, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  The Court finds that in this case, the balance of those factors requires dismissal of Doughty's state law claims.

## II. Conclusion

Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss (Doc. 11) is GRANTED.  All of Doughty's remaining claims are DISMISSED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: August 4, 2005
Jefferson City, Missouri